```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT THOMAS HUGHES,**

    **Debtor-Appellant,**

**v.**  //  Civil Action No. 1:13cv108
                                             Bk. No. 11-01933
                                             Ap. No. 11-00116

**AMERICAN EDUCATION SERVICES,**
**UNITED STATES DEPARTMENT**
**OF EDUCATION and**
**DEPARTMENT OF VETERANS AFFAIRS,**

    **Appellees.**

**MEMORANDUM OPINION AND ORDER AFFIRMING**
**THE BANKRUPTCY COURT AND DENYING APPEAL**

Robert Thomas Hughes ("Hughes"), proceeding pro se, appeals from an Order from the United States Bankruptcy Court for the Northern District of West Virginia dismissing his adversary proceeding, which sought a declaration that certain education loans were dischargeable.(Dkt. No. 1-70). For reasons that follow, this Court **AFFIRMS** the bankruptcy court's Order dismissing Hughes's claim.

**I.**

On November 9, 2011, Hughes filed a Chapter 7 petition and also filed this adversary proceeding against the defendants, American Education Services ("AES"), the United States Department

**HUGHES v. AES et al**                                                           **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

of Education (the "USDOE"), and the Department of Veterans' Affairs (the "DVA"). As he must under 11 U.S.C. §523(a)(8), Hughes sought a declaration that, because of undue hardship, see In re Frushour, 433 F.3d 393 (4th Cir. 2005), the various education loans held by the defendants were dischargeable.[1] (Dkt. No. 1-5).

On April 13, 2012, Hughes entered into a consolidated loan agreement with the USDOE pursuant to the Federal Family Education Loan Program ("FFELP"). That agreement was approved by the USDOE, which thereby enabled Hughes to consolidate the education loans he had received pre-petition into one, new loan, totaling $28,887.75 (the "consolidation loan"). On June 21, 2012, the pre-petition lenders received disbursements that fully satisfied those obligations Hughes had amassed prior to the filing of his Chapter 7 petition.

Following disbursement of the consolidated loan and discharge of Hughes' pre-petition education loans, the USDOE moved for

---

[1] "[E]ducational loan debt is one of those obligations that Congress has decided to make generally nondischargeable, absent a showing of 'undue hardship.'" In re Clarke, 266 B.R. 301, 306 (Bankr. E.D. Pa. 2001) (citing 11 U.S.C. § 523(a)(8)). "Code § 523(a)(8) is not self-effectuating. Rather, it requires the debtor to bring an adversary proceeding to determine whether a student loan debt is dischargeable under that provision." In re Kahl, 240 B.R. 524, 530 (Bankr. E.D. Pa. 1999). Thus, in order to include his educational loan debt in the bankruptcy estate, Hughes had to institute this adversary proceeding to determine whether certain loans are, in fact, dischargeable.

**HUGHES v. AES et al**                                               **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

dismissal of the adversary proceeding. The bankruptcy court granted the motion, reasoning that the consolidation loan discharged the pre-petition education loans and created a post-petition debt not subject to discharge under 11 U.S.C. § 727(b). Additionally, the court concluded that the debt Hughes had originally sought to discharge, i.e., the pre-petition education loans, had been discharged by the consolidation loan, essentially mooting the adversary proceeding. (Dkt. No. 1-70 at 5). Consequently, the bankruptcy court granted the motion of the USDOE and dismissed Hughes' claim against it with prejudice.

**II.**

Pursuant to Fed. R. Bank. P. 8013, this Court functions as an appellate court when reviewing a bankruptcy's court order, and may affirm, modify, reverse, or remand with instructions for further proceedings. The Court reviews the bankruptcy court's finding of fact for clear error, and its legal conclusions de novo. In re Deutchman, 192 F.3dc 457, 459 (4th Cir. 1999).

**III.**

On appeal, Hughes raises five legal objections to the dismissal of his adversary proceeding by the bankruptcy court:

3

**HUGHES v. AES et al**                                            **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

A.  Whether his right to a jury trial was violated by the dismissal of his adversary complaint;

B.  Whether "there was a legal basis for [him] to rely on [In re Frushour] as [he] did" (dkt. no. 1-101 at 2);

C.  Whether the bankruptcy court had the authority to "approve the consolidation within the domain of the proceeding rather than external to it," id.;

D.  Whether the bankruptcy court or "negotiators" were obliged to inform Hughes of his "mistake in law," id.; and

E.  Whether the bankruptcy court violated 11 U.S.C. § 362 "by going beyond the [§] 362(b)(16) exemption." Id.

The Court will address each of these arguments in turn.[2]

**A.**

Hughes contends that the bankruptcy court could have allowed him to present his case to a jury, rather than dismissing his adversary complaint. See (Dkt. No. 1-73) (denying Hughes' motion for a jury trial as moot following dismissal of complaint). The option to present one's claim of undue hardship to a jury, he

---

[2] While not argued the by the defendants, the Court notes that Hughes' brief fails to comply with Fed. R. Bankr. P. 8010, Form of Briefs; Length. Failure to comply with Rule 8010 can be, in and of itself, grounds for dismissing a bankruptcy appeal. See In re Stephenson, 1996 WL 403087, at *1 (S.D.N.Y. July 18, 1996); In re Stotler & Co., 166 B.R. 114, 117 (N.D. Ill. 1994).

**HUGHES v. AES et al**                                              **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

believes, would give those in bankruptcy "an alternative." (Dkt. No. 1-101 at 1).

There is, however, no constitutional right to a jury trial on the issue of dischargeability. See In re Varney, 81 F.3d 152, at *2 (4th Cir. 1996) (table) ("a proceeding by a creditor to determine dischargeability is equitable in nature and [] a debtor who filed a voluntary bankruptcy petition has no right to a jury trial in such a proceeding"). Moreover, as the bankruptcy court concluded that the consolidated loan discharged Hughes' pre-petition student loans (dkt. no. 1-70 at 5), there was simply no controversy to submit to a jury. See In re Grubin, 476 B.R. 699, 709 (Bankr. E.D.N.Y. 2012) ("where a debtor incurs student loan debt pre-petition, but then enters into a post-petition agreement to consolidate that debt, the consolidation agreement extinguishes the pre-petition debt"). Thus, it is plain that the bankruptcy court did not err by denying as moot Hughes' demand for a jury trial.[3]

**B.**

Hughes next questions whether "there was a legal basis for [him] to rely on [In re Frushour] as [he] did." (Dkt. No. 1-101 at 2). Upon a thorough review of the bankruptcy court's memorandum

---

[3]    Indeed, Hughes admits this in his reply. (Dkt. No. 6 at 2).

5

**HUGHES v. AES et al**                                              **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

opinion and order, it is clear that the bankruptcy court correctly interpreted and applied In re Frushour in this instance. That is to say, it correctly concluded that, because Hughes had secured the consolidation loan and discharged his pre-petition student loans, In re Frushour – along with its undue hardship analysis – was not on all fours with his case. See In re Frushour, 433 F.3d at 403 (explaining that Frushour had refused a consolidation loan to discharge her pre-petition student loan debt).

Furthermore, this Court agrees with the bankruptcy court that the undue hardship analysis of In re Frushour is unnecessary here because, through the consolidation loan, Hughes has already discharged the pre-petition student loans he sought to discharge by the adversary proceeding. While Hughes argues this outcome puts him in a "'doomed if you do, doomed if you don't' situation" (dkt. no. 6), it serves the "quid pro quo" of "congressionally authorized loans," In re Frushour, 433 F.3d at 399 (internal quotations omitted), which enable "[d]ebtors [like Hughes to] receive valuable benefits from congressionally authorized loans." Id. "In turn[, however, Congress] requires loan recipients to repay them in all but the most dire circumstances." Id. In short, the bankruptcy court did not err in its application of In re Frushour.

6

**C.**

Hughes next challenges whether the bankruptcy court had the authority to "approve the consolidation within the domain of the proceeding rather than external to it." Similarly, his fifth issue on appeal is whether the bankruptcy court violated 11 U.S.C. § 362 "by going beyond the [§] 362(b)(16) exemption."

As to the former, inasmuch as Hughes contends that the bankruptcy court somehow approved the consolidation loan, and, assuming that it did, inappropriately exercised its authority to do so, the argument lacks "citations to the authorities, statutes and parts of the record relied on." Fed. R. Bank. P. 8010(a)(1)(E). It is, in other words, unintelligible, and the Court will not address it.

At to the latter, 11 U.S.C. § 362(b)(16) squarely addresses Hughes' contention. It states, in pertinent part,

> The filing of a petition under section 301, 302, or 303 of this title. . . does not operate as a stay . . . of any action by a guaranty agency, as defined in section 435(j) of the Higher Education Act of 1965 or the Secretary of Education regarding the eligibility of the debtor to participate in programs authorized under such Act.

Here, Hughes applied for, and was granted, the FFELP consolidation loan from the USDOE. The consolidation of federally insured student

**HUGHES v. AES et al** **1:13CV108**

**MEMORANDUM OPINION AND ORDER AFFIRMING THE
OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL**

loans is governed by Subchapter IV, Part B of the Higher Education Act of 1965. See 20 U.S.C. § 1078-3; In re Clarke, 266 B.R. 301, 307 (Bankr. E.D. Pa. 2001) ("consolidation of educational loans is governed by the Higher Education Act"). In sum, § 362(b)(16) plainly applies to exempt the actions of the USDOE from the general stay otherwise imposed by § 362(a), and Hughes has offered no reason why the USDOE's action may have somehow exceeded the bounds of subsection (b)(16). Accordingly, the Court finds no error.

**D.**

Next, Hughes questions whether the bankruptcy court or "negotiators" were obliged to inform him of his "mistake in law," that is, his putative belief that the consolidation loan would be dischargeable. (Dkt. No. 1-101 at 2). As the bankruptcy court explained, Hughes

> seemingly understood the consequences of consolidating his student loans after filing bankruptcy. In the Debtor's Motion for Inclusion of Consolidation Loan To Be Included In Determination Of Dischargibility [sic] Of Student Loan Debt [dkt. no. 1-51], filed April 19, 2012, he states that his "general understanding is that loans applied for after application for bankruptcy may not be discharged by that same bankruptcy." His motion sought reassurance from this court that his consolidation loan "will be included as a portion of the student loans being considered" in this adversary proceeding. The court did not respond to the Debtor's motion which sought guidance because it does not issue advisory opinions.

8

**HUGHES v. AES et al**                                                    **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

(Dkt. No. 1-70 at 6). Stated differently, Hughes was at least aware that the dischargeable nature of the consolidation loan was questionable. Despite that knowledge, he finalized the consolidation loan and discharged his pre-petition education loans in the absence of a ruling from the court on his Motion for Inclusion, and in the face of numerous cases that hold that "the consolidation agreement extinguishes the pre-petition debt." In re Grubin, 476 B.R. at 709.

At bottom, the bankruptcy court correctly declined to issue an advisory opinion on this topic, and Hughes has offered no support for his contention that the USDOE is somehow obligated to advise him of whether the consolidation loan may, or may not, be dischargeable. As such, the Court finds no error in the decision of the bankruptcy court on this point.

V.

Finally, Hughes raises a new contention on appeal that the USDOE committed fraud in the inducement by issuing a consolidation loan to him without warning that it might not be dischargeable in his pending Chapter 7 petition. Hughes has filed a motion to amend his complaint to add this argument, as well.

9

**HUGHES v. AES et al**                                                                            **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

District courts will not review issues raised for the first time on appeal except under exceptional circumstances. See In re Schek, 397 B.R. 752, 757 (D. Md. 2008) ("An appellate court will ordinarily not consider issues raised for the first time on appeal[, unless] a denial of fundamental justice [would result]."); In re Lambert Oil Co., Inc., 347 B.R. 508, 520 (W.D. Va. 2006) ("Absent exceptional circumstances, reviewing courts will not consider arguments raised for the first time on appeal, although they have the discretion to do so."); In re Endicott, 157 B.R. 255, 258 (W.D.Va.1993). Finding no exceptional circumstances in this case, the Court declines to review Hughes' contention that the USDOE negotiators committed fraud in the inducement by failing to inform him that the consolidated loan might not be dischargeable.[4]

### VI. Conclusion

For the reasons stated above, this Court hereby **AFFIRMS** the Bankruptcy Court's order finding Hughes's student loans to be

---

[4] Even if the Court were to entertain Hughes' argument, he has pointed to no evidence in the record to support it. Further, considering his Motion for Inclusion of Consolidation Loan To Be Included In Determination Of Dischargibility [sic] Of Student Loan Debt [dkt. no. 1-51], Hughes can hardly claim that he justifiably relied on any hypothetical statements of the USDOE as to whether the consolidation loan was dischargeable since even he had doubts as to whether the consolidation was dischargeable. See Syl. Pt. 5, Kidd v. Mull, 595 S.E.2d 308 (W. Va. 2004) (an essential element of fraud is that the plaintiff justifiably relied on the allegedly fraudulent act).

**HUGHES v. AES et al**                                                  **1:13CV108**

## MEMORANDUM OPINION AND ORDER AFFIRMING THE
## OPINION OF THE BANKRUPTCY COURT AND DENYING APPEAL

nondischargeable. Accordingly, the appellant's appeal is **DENIED** and this civil action is hereby **DISMISSED** and **STRICKEN** from the docket of this Court.

    It is so **ORDERED.**

    The Court directs the Clerk of Court to transmit copies of this Order to counsel of record, and to the pro-se appellant, certified mail, return receipt requested.

DATED: September 9, 2013.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE